# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| RACHEL L. SMITH, | ) | |
| Plaintiff, | ) | Case No. 2:19CV00023 |
| v. | ) | **OPINION AND ORDER** |
| LEE COUNTY SCHOOL BOARD, ET AL., | ) | By: James P. Jones<br>United States District Judge |
| Defendants. | ) | |

*Brittany M. Haddox, Thomas E. Strelka, L. Leigh R. Strelka, and N. Winston West, IV, Strelka Law Office, PC, Roanoke, Virginia; Terry N. Grimes, Terry N. Grimes, Esq., P.C., Roanoke, Virginia; and Melvin E. Williams and Meghan A. Strickler, Mel Williams PLC, Roanoke, Virginia, for Plaintiff. Jennifer D. Royer, Royer Law Firm, P.C., Roanoke, Virginia, for Defendants.*

In this age discrimination suit brought by a public school nurse alleging disparate pay, I will deny the defendants' Motion to Dismiss.

I.

The Complaint alleges the following facts.

The plaintiff, Rachel L. Smith, is 47 years old. She has worked as a registered nurse ("RN") since May 1996. Before that, she was a Certified Nursing Assistant ("CNA") for seven years. She holds a bachelor's degree.

Defendant Lee County School Board ("School Board") hired Smith as a school nurse in October 2003. The School Board's pay scales for nurses account

for whether the nurse is a Licensed Practical Nurse ("LPN") or RN, the nurse's years of service with the School Board, the nurse's years of service as a nurse prior to employment by the School Board, and whether the nurse holds a bachelor's degree. Nurses also receive extra pay for teaching cardiopulmonary resuscitation ("CPR") courses.

The 2017-2018 pay scale for an RN with a bachelor's degree ranged from Step 0 at $35,250 annually to Step 21 at $47,470 annually. Each year of service as an RN, whether working for the School Board or for another employer, counts as one step on the pay scale. Every two years of service as a CNA counts as one step. Smith has worked as an RN for a total of 23 years and as a CNA for seven years, which should give her a total of 26 points. Because there are only 21 steps on the pay scale, she alleges that she should be at Step 21, the highest step.

In 2017, Smith had worked as an RN for the School Board for 14 years and had seven additional years of RN experience and seven years of CNA experience prior to her employment with the School Board. Despite these years of prior service, however, she was being paid at Step 14 rather than Step 21. In other words, she had received no credit on the pay scale for her years of experience prior to her employment with the School Board.

Virginia Hall, also an RN, was hired by the School Board in 2014. She had been an RN for four years prior to her employment with the School Board. She

was placed at Step 15 at the time of her hiring and is currently at Step 17. She was younger than 40 when she was hired.

April Hughes, another RN, was hired by the School Board in 2016 and had 12 years of prior experience as an RN. She was placed at Step 9 at the time of hiring and is currently at Step 11. She was under the age of 40 when she was hired.

Stephanie Jones Hines is also an RN and was hired by the School Board in 2016. She had been an RN for 14 years before she was hired, but she worked as a teacher during that time rather than as a nurse. When she was hired, she was under the age of 40 and was placed at Step 14 on the pay scale.

A number of physical therapy assistants and occupational therapy assistants employed by the School Board who are under the age of 40 have also been placed at higher steps on the pay scale than their years of experience would dictate. Tommy Prater was hired in 2008 but did not receive his license until 2009, and he is currently at Step 12, which is a higher step than his years of experience would warrant. Shanna Jones received her license just two years ago in 2017, the same year she was hired, and is currently at Step 5.

In July 2017, Smith told Brian Austin, the superintendent of the school system, that she was not being paid at the appropriate step of the pay scale and that younger nurses had been placed higher on the scale than they should have been.

As a result, the younger, less experienced nurses were being paid as much or nearly as much as Smith. Smith also reported her concerns to the School Board and its office of human resources. Dr. Austin agreed that Smith was placed at the incorrect step and should be at Step 21, but he told Smith it would take three years to move her to the correct step. The School Board refused to pay her any back wages as a result of the erroneous placement on the scale. Dr. Austin stated in the presence of the School Board that the School Board could not afford to pay Smith the correct amount but that if she resigned, she could be rehired at the appropriate step of the pay scale.

Smith alleges that the School Board employs other nurses over the age of 40 who are also placed lower on the pay scale than their years of experience warrant. She alleges that the School Board places nurses, physical therapy assistants, and occupational therapy assistants who are under the age of 40 at higher pay levels than the steps commensurate with their years of experience. After Smith filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), the School Board moved other over-40 nurses up the pay scale to give them credit for their years of employment with the School Board. However, it continued to deny them step-level credit for their relevant experience from prior employment. Smith alleges that the School Board has given step-level credit for prior experience to those under the age of 40.

The School Board moved Smith from Step 14 to Step 19 on the pay scale the year following the filing of her EEOC charge. It still has not moved her to Step 21, nor has it paid her back wages for the years she was improperly placed on the scale.

Smith is the only certified CPR instructor employed by the School Board. She was previously paid additional wages equaling 12% of her salary as compensation for teaching CPR courses. After she complained to the EEOC, the School Board reduced her pay for teaching CPR courses from 12% of her salary to $2,500 per year.

Following Smith's complaint to the EEOC, the School Board changed April Hughes's 2016 paperwork to state that she was at Step 0 that year, when the paperwork previously provided to Smith had listed Hughes at Step 9 in 2016. The School Board also changed Stephanie Hines's hire date to 2007 on the paperwork produced to Smith pursuant to a Virginia Freedom of Information Act ("FOIA") request. Hines had in fact been hired in 2016.

Since filing her charge with the EEOC, the School Board has prohibited Smith from accessing information necessary to treat students. Despite repeated requests, administrators will not give her access to the records system. The School Board also refused to provide Smith with the equipment she needed to teach the CPR classes, but it did provide the equipment when another faculty member

requested it months later. Since filing her EEOC charge, Smith has been omitted from emails sent to another nurses, which has interfered with her ability to do her job.

Based on these factual allegations, Smith asserts a claim of age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621–634 (Count I), and a claim of retaliation in violation of the ADEA (Count II) against the School Board.[1] She seeks compensatory, liquidated, and punitive damages; declaratory and injunctive relief; and attorneys' fees and costs.

The School Board has moved to dismiss the Complaint for failure to state a claim. The Motion to Dismiss has been fully briefed.[2]

## II.

Federal pleading standards require that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim. *See*

---

[1] The Complaint intially named Lee County Public Schools as a defendant, but in response to the School Board's request to dismiss that defendant as an entity not subject to suit, Smith voluntarily dismissed her claims against Lee County Public Schools.

[2] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

*Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). In order to survive a motion to dismiss, the plaintiff must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon its "judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In evaluating a pleading, the court accepts as true all well-pled facts. *Id.* A complaint does not need detailed factual allegations to survive a motion to dismiss; however, it must have more than labels and conclusions or a recitation of the elements of the cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

III.

As relevant here, the ADEA prohibits an employer from "discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The ADEA also prohibits retaliation. *Johnson v. Mechanics & Farmers Bank*, 309 F. App'x 675, 685 (4th Cir. 2009) (unpublished). In an ADEA discrimination case, the "plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177–78 (2009).

The Fourth Circuit applies the familiar *McDonnell Douglas* burden-shifting analysis to age discrimination claims. *See, e.g.*, *Westmoreland v. TWC Admin. LLC*, 924 F.3d 718, 725 (4th Cir. 2019); *Laber v. Harvey*, 438 F.3d 404, 432 (4th Cir. 2006) (burden-shifting scheme also applies to ADEA retaliation claims). In the context of employment discrimination claims, "a plaintiff is not required to plead facts that constitute a prima facie case" in order to survive a motion to dismiss. *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–15 (2002)). Nevertheless, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Coleman*, 626 F.3d at 190 (quoting *Twombly*, 550 U.S. at 555).

The School Board first argues that the Complaint should be dismissed because Smith has failed to allege facts sufficient to show that she was meeting her employer's legitimate expectations, as required to establish a prima facie case of discrimination. But Smith is still employed by the School Board. She was not terminated or demoted. Her continued employment is sufficient to show that she is meeting her employer's legitimate expectations.

The School Board next argues that the Complaint should be dismissed because Smith has failed to plead facts showing that the School Board gave favorable treatment to employees under 40 who had comparable qualifications to

Smith. Specifically, the School Board contends that Smith has not stated enough facts to show that she was similar to her alleged comparators in every relevant respect other than age. This argument, however, misconstrues the nature of Smith's claim.

Smith has alleged that the only relevant factors affecting placement on the pay scale are years of experience as an RN, years of experience as a CNA, and whether the employee holds a bachelor's degree. She has further alleged that employees who were younger than 40 were given credit for pre-School Board experience while employees who were over 40 were not given credit for pre-School Board experience. She has alleged that while the salary numbers associated with each step are higher on the bachelor's degree pay scale than on the pay scale for nurses without bachelor's degrees, the step-level calculations for each scale account for years of prior service in the same way. Under Smith's theory of the case, a nurse's placement on the pay scale is supposed to be nondiscretionary. Therefore, it would make no difference whether Smith and her comparators had the same supervisors or engaged in the same conduct. Moreover, under the liberal federal pleading standards, a plaintiff is not required to allege every relevant fact in her complaint. At this early stage of the proceedings, I find that Smith has pleaded sufficient facts to plausibly allege that the listed comparators were in fact comparable to her in all pertinent respects except age.

The School Board further contends that Smith has failed to allege facts demonstrating that her age was the but-for cause of the alleged discrimination. Again, the plaintiff is only required to plead enough facts to make her claim for relief plausible. She has alleged that age was the only relevant difference between herself and the nurses who were placed at or above their appropriate step levels. From the Complaint's allegations, one could reasonably infer that age was the reason for the difference in pay scale placement. The allegations are sufficient to afford the plaintiff the right to conduct discovery to determine whether age was the but-for reason that she was paid less than her experience would have dictated.

Finally, the School Board argues that Smith has failed to state a viable retaliation claim because she suffered no adverse employment action after filing her charge with the EEOC. In particular, the School Board notes that Smith's salary actually increased following the filing of her EEOC charge. "To establish a prima facie case of retaliation, a plaintiff must demonstrate that: (1) [s]he engaged in protected activity; (2) an adverse employment action was taken against [her]; and (3) there was a causal link between the protected activity and the adverse action." *Laber*, 438 F.3d at 432.

The School Board's argument overlooks Smith's allegation that her compensation for teaching CPR classes decreased after she complained to the EEOC. Smith further alleges that for a period of several months, the School Board

interfered with her ability to teach those classes at all. It is unclear from the Complaint whether the increase in Smith's salary combined with the decrease in her pay for teaching CPR classes resulted in a net pay decrease, but I find that the Complaint's allegations are adequate at this stage of the case to allow a reasonable inference that the School Board reduced Smith's total compensation after she filed her EEOC charge. Moreover, viewing the allegations as a whole, it is at least plausible that there was a causal connection between Smith's complaint to the EEOC and the reduction in her compensation for teaching CPR classes as well as the School Board's interference with her attempts to perform her job duties. I conclude that Smith has stated a cognizable claim of retaliation under the ADEA. Whether Smith can prove her claim, of course, is a question that is premature at this point.

IV.

For the foregoing reasons, it is **ORDERED** that the Motion to Dismiss, ECF No. 5, is DENIED.

ENTER: September 30, 2019

/s/ *James P. Jones*
United States District Judge